**Alwyn Richard RUNTUWENE, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–75120.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 28, 2008.*

Filed Nov. 4, 2008.

Kaaren L. Barr, Seattle, WA, for Petitioner.

District Counsel, Office of the Chief Counsel/Ice Department of Homeland Security, Portland, OR, Joanne E. Johnson, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: HAWKINS, RAWLINSON, and M. SMITH, Circuit Judges.

**MEMORANDUM** **

Alwyn Richard Runtuwene, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, protection under the Convention Against Torture ("CAT"), and cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS,* 333 F.3d 1012, 1015 (9th Cir.2003), and we deny in part, and dismiss in part the petition for review.

The agency denied Runtuwene's asylum application as time barred. Runtuwene does not challenge this finding.

Substantial evidence supports the agency's denial of withholding of removal because Runtuwene suffered no past persecution and, even assuming the disfavored group analysis set forth in *Sael v. Ashcroft,* 386 F.3d 922, 927–29 (9th Cir.2004) applies to Christian Indonesians seeking withholding of removal, Runtuwene failed to establish that it was more likely than not that he will be persecuted if he returned to Indonesia. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1184–85 (9th Cir. 2003). Additionally, the record does not compel the conclusion that the religious strife in Indonesia amounts to a pattern or practice of persecution against Christian Indonesians. *See Lolong v. Gonzales,* 484 F.3d 1173, 1180–81 (9th Cir.2007) (en banc).

Substantial evidence also supports the agency's determination that Runtuwene is not entitled to CAT relief because he failed to demonstrate that it is more likely than not that he will be tortured if he returns to Indonesia. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

With respect to cancellation of removal, we lack jurisdiction to review Runtuwene's

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

challenge to the agency's discretionary determination that he failed to show exceptional and extremely unusual hardship to his children. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 929–30 (9th Cir.2005). Runtuwene's contention that the agency denied him due process by misapplying the law to the facts, failing to properly weigh the evidence of hardship, and failing to make specific findings, is not supported by the record and does not amount to a colorable due process claim. *See id.* at 930.

The BIA did not abuse its discretion by denying Runtuwene's request to remand. *See Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.2002). Runtuwene's due process contention predicated on the denial of the request fails. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error for a due process violation).

Finally, Runtuwene's request for a remand to allow the agency to consider new evidence regarding changed country conditions is unavailing because the proper recourse is to file a motion to reopen with the BIA. *See* 8 C.F.R. §§ 1003.2(c)(1).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.